IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS E. SCHERER,                )<br>                                              )<br>        Plaintiff,                       )<br>                                              )    CIVIL ACTION<br>v.                                           )<br>                                              )    No. 05-2288-CM<br>WASHBURN UNIVERSITY and   )<br>UNITED STATES OF AMERICA, )<br>                                              )<br>        Defendants.                   )<br>                                              ) | |

## MEMORANDUM AND ORDER

Plaintiff Thomas E. Scherer, who appears pro se, brought the instant action on July 11, 2005 against defendant Washburn University ("Washburn") and the United States of America alleging, to the best the court can decipher, that defendants discriminated against plaintiff in connection with plaintiff's enrollment at Washburn University School of Law. Pending before the court are plaintiff's Notice of Objection to the Magistrate Order (Doc. 13); plaintiff's Motion for a Default Judgment to be Entered by the Clerk of the Court Granting the Requested Relief/Remedy Against the Defendant Washburn University by the Authority of Fed. R. Civ. P., [sic] Rule 55(a) Entry and (b) Judgment (Doc. 17); plaintiff's Motion for the Recusal of the Presiding District Judge (Doc. 21); and the United States's Motion for Rule 11 Sanctions against Thomas Scherer (Doc. 33).

**I.     Plaintiff's Notice of Objection to the Magistrate Order (Doc. 13)**

Plaintiff objects to Magistrate Judge O'Hara's August 4, 2005 Order denying plaintiff's motion to seal the case (Doc. 10). Judge O'Hara based his ruling on his findings that: (1) none of the information plaintiff wants sealed is subject to mandatory redaction under D. Kan. Rule 5.4.14; (2) plaintiff failed to set forth sufficient information demonstrating exactly which documents plaintiff wanted filed under seal; and (3) plaintiff failed to articulate the public or private harm that

outweighs the public's right of access to judicial records. Judge O'Hara also noted that placing a sealed designation upon the entire case creates an untenable administrative burden for the Clerk's Office. As an alternative to sealing plaintiff's case, Judge O'Hara gave plaintiff the option of re-filing redacted exhibits to plaintiff's complaint by a specific deadline. Plaintiff has not filed any redacted exhibits, but instead filed the instant motion. Since Judge O'Hara's Order, plaintiff's case has remained sealed pending review.

Under 28 U.S.C. § 636(b)(1)(A), the district court's scope of review of a magistrate's decision is whether the order has been shown to be "clearly erroneous or contrary to law." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988). The "clearly erroneous standard" requires that the court affirm the decision of the magistrate unless "'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also* Fed. R. Civ. P. 72(a); D. Kan. Rule 72.1.1(c) & 72.1.4(a).

Here, plaintiff has failed to demonstrate that Judge O'Hara's ruling was clearly erroneous or contrary to law. Plaintiff's main argument in support of reconsideration is the following: "*Basically*, I am not required to redact a complaint containing confidential information, because to do so would circumvent, or alternatively constitute a an [sic] unnecessary waiver of my fundamental rights to privacy." (Doc. 13 at 1). The court finds that Judge O'Hara thoughtfully and fairly considered plaintiff's alleged right to privacy in relation to his request to seal the instant case, but found that, under the controlling law, plaintiff's privacy rights will not be violated by opening his case for public viewing. Thus, plaintiff has failed to demonstrate that Judge O'Hara's ruling was clearly

erroneous or contrary to law. For this reason, plaintiff's objection to Judge O'Hara's August 4, 2005 Order is denied.

Plaintiff shall have until **April 14, 2006** to re-file redacted copies of exhibits to his complaint. Thereafter, the Clerk's office shall open this case to public viewing, and all subsequent filings by all parities will be available for public viewing.

**II.     Plaintiff's Motion for Default Judgment (Doc. 17)**

Plaintiff contends that Washburn did not timely answer plaintiff's complaint, and that default judgment should be entered pursuant to Federal Rule of Civil Procedure 55. Washburn argues that it properly responded to plaintiff's complaint. Specifically, Washburn received a copy of the Summons and Complaint on July 11, 2005. Washburn alleges that it then requested and received a ten-day extension from the Clerk's Office on August 3, 2005 pursuant to D. Kan. Rule 77.2(a)(2), making defendant Washburn's responsive pleading due on August 17, 2005. Washburn subsequently filed a Motion for a More Definite Statement (Doc. 14) on August 17, 2005.

Federal Rule of Civil Procedure 12(e) allows a defendant to move for a more definite statement when a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Contrary to plaintiff's contentions, a motion for definite statement is properly filed "*before* interposing a responsive pleading." *Id.* (emphasis added). Thus, the court will not enter default judgment in favor plaintiff if Washburn timely filed its motion for a more definite statement.

At issue here is the absence of Washburn's ten-day Clerk's Office extension request, or approval of such request, on the docket sheet. It has become apparent, through e-mails to the undersigned judge's chambers, that Washburn did request a Clerk's Office ten-day extension, but Washburn's motion was inadvertently not filed. Whether this error is the fault of Washburn or the

-3-

Clerk's Office is unclear but irrelevant. What is important is that the court is convinced that Washburn attempted to file a request for an extension. Moreover, because the Clerk's Office routinely grants ten-day extensions without question, the court is also convinced that if Washburn's request for an extension had been properly filed, the Clerk's Office would have granted it. Significantly, plaintiff has failed to demonstrate how this extension has in any way prejudiced him. Therefore, the court finds that Washburn's motion for a more definite statement was timely filed, and denies plaintiff's motion for default.

### III.    Plaintiff's Motion for Recusal (Doc. 21)

Plaintiff also requests that the undersigned judge recuse himself from the instant case, as well as "related case 05-2019." Plaintiff's argument in support of recusal is that by hand-delivering a pleading to the undersigned judge's chambers, Assistant United States Attorney Christopher Allman and the undersigned judge engaged in ex parte communications.[1]

Plaintiff's allegations are unfounded. First, the court finds it highly unlikely that Mr. Allman himself hand-delivered anything; the AUSA's office employs several people whose job description includes delivering documents to judges' chambers. Second, the undersigned judge does not accept deliveries himself. Third, and most importantly, the undersigned judge does not make himself available to discuss pending cases with attorneys or parties. The AUSA's office resides in the same building as the undersigned judge's chambers, making hand-delivery convenient and economical.

---

[1] The court finds it noteworthy that plaintiff himself has attempted ex parte communications with this court in the recent past. In fact, plaintiff's persistence was of such a degree that on June 13, 2005, the undersigned judge issued an Order in case number 05-2019 stating: "Plaintiff has made numerous contacts, via email and telephone, with the court regarding this case and various other topics. The court has made a specific request of the plaintiff to cease such communications. Plaintiff has not complied with the court's request. Accordingly, the court hereby ORDERS plaintiff to cease from all further communications with the court. Failure to comply with this Order may result in sanctions imposed against the Plaintiff, or any other relief the court deems appropriate." (Doc. 103).

Moreover, hand-delivery was only necessary because plaintiff filed this case under seal.

-4-

However, hand-delivery does not, in any way, result in favoritism or ex parte communications as suggested by plaintiff. No reasonable person could construe the AUSA's office hand-delivering a pleading to a judge's chambers as raising doubt about a judge's impartiality. Recusal is unnecessary, and plaintiff's motion is denied.

### IV.     The United States's Motion for Rule 11 Sanctions (Doc. 33)

The United States requests Rule 11 sanctions from plaintiff for the filing of the aforementioned recusal motion.

Federal Rule of Civil Procedure 11(b) states that by filing a pleading, an attorney is certifying that the information contained in the motion,

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Violation of these requirements will result in sanctions imposed by the court. Fed. R. Civ. P. 11(c); *see Griffen v. City of Okla. City*, 3 F.3d 336, 342 (10th Cir. 1993) ("Rule 11 requires the district court to impose sanctions if a document is signed in violation of the Rule."). The standard for Rule 11 sanctions is an objective one. *See White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990) ("A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances.").

Likewise, subjective bad faith is not required to trigger Rule 11 sanctions. *Burkhart ex rel. Meeks v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir. 1986).

The United States argues that had plaintiff researched the applicable federal statute governing federal judge recusal, 28 U.S.C. § 455, plaintiff would have come to the conclusion that no legal basis exists for plaintiff's allegation that hand-delivery of pleadings to the undersigned judge's chambers resulted in ex parte communications. The United States also argues that plaintiff's speculation about the alleged ex parte communication is not evidence that such communication occurred. The United States requests sanctions in the amount of reasonable attorney's fees and costs associated with responding to plaintiff's motion for recusal and for preparing the United States's motion for sanctions. Plaintiff did not specifically oppose sanctions. Instead, in a motion requesting a hearing, plaintiff briefly mentioned the issue:

> The United Attorney [sic] Assistant Allman filed a motion to sanction Scherer based on the fact Allman has unfettered ability uniquely to hand-delivery [sic] to the chambers of the presiding judge, pleadings; while concurrently Scherer and others may be deprived of this same right. To which Scherer is compelled to request the recusal of the presiding judge to maintain the integrity of this federal court.

(Doc. 25 at 2).

The court finds it significant that plaintiff failed to cite any legal authority in his motion for recusal. Furthermore, the court finds that no reasonable person could construe hand-delivery of a pleading as suggesting the impartiality of a judge. Nonetheless, the court concludes that sanctions are not warranted in this instance. Plaintiff is reminded, however, to take care that future pleadings wholly comply with Rule 11. In the future, the court is prepared to grant sanctions for similar filings.

**IT IS THEREFORE ORDERED** that plaintiff's Notice of Objection to the Magistrate Order (Doc. 13); plaintiff's Motion for a Default Judgment to be Entered by the Clerk of the Court Granting the Requested Relief/Remedy Against the Defendant Washburn University by the Authority of Fed. R. Civ. P., [sic] Rule 55(a) Entry and (b) Judgment (Doc. 17); plaintiff's Motion for the Recusal of the Presiding District Judge (Doc. 21); and the United States's Motion for Rule 11 Sanctions against Thomas Scherer (Doc. 33) are denied.

**IT IS FURTHER ORDERED THAT** plaintiff shall have until **April 14, 2006** to re-file redacted copies of exhibits to his complaint. Thereafter, the Clerk's office shall open this case to public viewing, and all subsequent filings by all parities will be available for public viewing.

Dated this 30th day of March 2006, at Kansas City, Kansas.

 **s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**