IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS E. SCHERER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2288-CM |
| ) | |
| WASHBURN UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Pursuant to Fed. R. Civ. P. 12(e), this case comes before the court on the following motions: 1) defendants' motions (**docs. 14 & 27**) for a more definite statement of plaintiff's claims;[1] 2) plaintiff's motion (**doc. 18**) for an indefinite stay from responding to certain pleadings;[2] and 3) plaintiff's motion (**doc. 24**) for a hearing on issues presented in the currently pending motions.[3]

The court does not believe that oral argument would be of any material assistance in deciding the issues presented. Pursuant to D. Kan. Rule 7.2, plaintiff's motion for a hearing is therefore denied.

---

[1] Defendant United States of America has filed a supporting memorandum (doc. 29), plaintiff has responded (docs. 22 & 23), and the United States has replied (doc. 32).

[2] Defendant United States of America has responded (doc. 28) and plaintiff has replied (doc. 22).

[3] Plaintiff has filed a memorandum in support (doc. 25), defendant United States of America has responded (doc. 34), and plaintiff has replied (doc. 26).

O:\ORDERS\05-2288-CM-14 sealed.wpd

**Motion for a More Definite Statement**

Fed. R. Civ. P. 12(e) provides that, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. . . ."  Whether to grant or deny such a motion lies within the sound discretion of the court.[4]  Although such motions are generally disfavored, they should be granted "when a party is unable to determine the issues requiring a response . . . [T]he standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[5]

Upon review of plaintiff's complaint, it is not at all clear to the court how defendants could possibly frame responsive pleadings or formulate a discovery plan for this case. Although plaintiff sets forth eleven pages of facts and states that the case is "primarily, but not limited to a federal tort action for personal injury under a Federal Tort Claim; violations of federal civil rights statutes; and violations of the . . . Freedom of Information and Privacy Act(s) . . .," his claims are basically incomprehensible.  For example, plaintiff requests damages for "various state and federal statutory and regulatory violations of Scherer rights and civil rights" and for "state tort breach of contract and for discriminating against Scherer related to federal work-study."  These, and other similar statements in the complaint, are not

---

[4] *Bradley v. Val-Mejias*, No. 00-2395, 2001 WL 1155292, at *1 (D. Kan. April 18, 2001) (citing *Graham v. Prudential Home Mortgage Co.*, 186 F.R.D. 651, 653 (D. Kan. 1999)).

[5] *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002) (citations omitted).

sufficiently specific under the above-described standards. Thus, the court finds that defendants' motions for a more definite statement should be granted.

In granting defendants' motion, the court recognizes that plaintiff is proceeding pro se. Although the court must liberally construe the pleadings of a pro se litigant,[6] such "litigants must comply with the minimal standards of notice pleading required in Rule 8(a)."[7] Fed.R.Civ.P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." "A complaint that is nothing more than an ambiguous, rambling narrative of charges and conclusions against numerous persons, organizations and agencies, which fails to plainly and concisely state the claims asserted, and fails to give the dates and places of the alleged events of which plaintiff complains, falls short of the liberal and minimal standards set out in Rule 8(a)."[8] Accordingly, plaintiff would be wise to follow the guidelines set forth below in crafting his amended complaint.

By **April 17, 2006**, plaintiff shall file an amended complaint that contains a <u>short and plain</u> statement of what he alleges happened and which statutes he claims were violated. In doing so, plaintiff shall list the specific statutory section, the specific action that he believes constitutes a violation of it, and the date on which the action allegedly occurred. The court encourages plaintiff to avoid trying to "write like a lawyer," and instead to just simply state his case in a concise manner.

---

[6] *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173 (10th Cir.1997).

[7] *Betts v. Allied Cementing Co., Inc.*, No. 89-2236, 1989 WL 118509, at *1 (D. Kan. 1989) (citing *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981)).

[8] *Id* (citing *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977)).

**Motion for an Indefinite Stay**

Plaintiff alleges violations of D. Kan. Rule 7.6 by defense counsel and requests an "indefinite stay on any pleading" that contain citations to "unpublished" decisions. D. Kan. Rule 7.6(b) provides:

> An unpublished decision cited in a brief or memorandum shall be attached as an exhibit to the memorandum or brief only if it is unavailable via electronic means (e.g., Westlaw or LEXIS). Unpublished decisions that are available via electronic means shall not be furnished to the court and shall be furnished to opposing parties only on request. . . .

Nothing in this rule indicates that any type of stay is warranted simply because one party cites to unpublished opinions in its papers. Clearly, plaintiff misunderstands D. Kan. Rule 7.6.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Defendants' motions (**docs. 14 & 27**) for a more definite statement of plaintiff's claims are granted. Plaintiff shall file an amended complaint in compliance with the above-stated guidelines no later than **April 17, 2006**.

2. Plaintiff's motion (**doc. 18**) for an indefinite stay from responding to certain pleadings is denied.

3. Plaintiff's motion (**doc. 24**) for a hearing on issues presented in the currently pending motions is denied.

4. Copies of this order shall be served by the clerk to all counsel of record and the pro se plaintiff.

5

Dated this 5th day of April, 2006, at Kansas City, Kansas.

                                               <u>s/ James P. O'Hara</u>
                                               James P. O'Hara
                                               U.S. Magistrate Judge