IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THOMAS E. SCHERER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 05-2288–CM |
| | ) |
| **WASHBURN UNIVERSITY, et al.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff Scherer brought this pro se action against defendants Washburn University ("Washburn") and the United States. The case is before the court on Plaintiff's Notice of Objection and Motion to Reconsider (Doc. 38), Plaintiff's Notice of Objection to the Magistrate Order and Request to Set Aside (Doc. 39), and Plaintiff's Affidavit of Bias and Prejudice (Doc. 40). To the extent that plaintiff's pleadings can be construed as motions, each is overruled.

## I. BACKGROUND

Plaintiff filed this action on July 11, 2005. At that time, plaintiff moved for the case to be sealed. The United States filed a response arguing that the case should not be sealed. On August 4, 2005, Magistrate Judge O'Hara denied plaintiff's motion for the case to be sealed (Doc. 10).

Believing that the Assistant U.S. Attorney ("AUSA") acted improperly by delivering documents to the undersigned judge's chambers while the case was sealed, plaintiff filed a motion for the recusal of the undersigned judge. The United States responded by filing a Motion for Rule 11 Sanctions for advancing frivolous arguments. This court agreed that the plaintiff's allegations were unfounded and frivolous, but found that sanctions were unwarranted (Doc. 35). This court also

reminded plaintiff "to take care that future pleadings wholly comply with Rule 11" and warned plaintiff that "the court is prepared to grant sanctions for similar filings."

On August 17, 2005, Washburn filed a motion for more definite statement. The United States filed a similar motion on September 6, 2005. Magistrate Judge O'Hara granted these motions, finding that plaintiff's complaint was "basically incomprehensible" and "not sufficiently specific" (Doc. 36). Magistrate Judge O'Hara ordered plaintiff to file an amended complaint by April 17, 2006. The order included instructions to "list the specific statutory section, the specific action that he believes constitutes a violation of it, and the date on which the action allegedly occurred," and encouraged the plaintiff "to avoid trying to 'write like a lawyer,' and instead to just simply state his case in a concise manner."

## II.     DISCUSSION

Although plaintiff filed three documents, the requests in these documents—as well as the requests in Plaintiff's Response (Doc. 45)—can be consolidated into five arguments. These include: 1) the undersigned judge must recuse himself; 2) this court erred by allowing the magistrate court to consider Washburn's motion for more definite statement; 3) the magistrate court erred by granting defendants' motions for more definite statement; 4) this court should impose sanctions against defendants under D. Kan. R. 7.6(b); and 5) the case should be resealed. Because of the overlapping nature of the requests, the court addresses each request without identifying in which filing the request originated.

### A.     Recusal

There are two statutes proscribing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Sprint PCS Group*, 123 Fed. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving

party must submit an affidavit showing bias and prejudice. *Id.* (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasion, and circumstances." *Id.* (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)); *Buck v. Brackett*, 181 Fed. App'x 712, 716 (10th Cir. 2006) (citations omitted). These facts will be construed against the moving party and must be more than rumors, beliefs, and opinions. *Burleson*, 123 Fed. App'x at 960.

Plaintiff's Affidavit of Bias and Prejudice misconstrues appropriate actions taken by this court and alleges "many other isolated incidents." Without proper identification of events indicating a personal and extrajudicial bias, plaintiff's affidavit cannot support a recusal under 28 U.S.C. § 144.

For recusal under 28 U.S.C. § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Burleson*, 123 Fed. App'x at 960 (citation omitted). Unlike § 144 recusal, the allegations made under § 455 recusal are not necessarily accepted as true. *Id.* (citation omitted).

As this court stated in its March 30, 2006 order (Doc. 35), plaintiff's allegations are unfounded. Moreover, plaintiff's allegations are repetitive and unreasonable. No reasonable person could construe the AUSA's office hand-delivering a pleading to a judge's chambers as raising doubts about a judge's impartiality. Similarly, no reasonable person could construe granting a party a time extension because of a miscommunication with the Clerk's Office as raising doubts about a judge's impartiality. Recusal remains unnecessary.

**B.    Washburn's Time Extension**

Plaintiff alleges that this court erred by finding that Washburn's motion for a more definite statement was timely filed. This issue is plainly addressed in Part II of this court's March 30, 2006 order (Doc. 35). Plaintiff's only new argument is that the court mentioned the receipt of e-mails by

the undersigned judge's chambers from Washburn.  Apparently, plaintiff considers this evidence of an inappropriate communication.  However, plaintiff acknowledges that he too sent e-mails to the undersigned judge's chambers—until his e-mails became incessant and disrespectful, resulting in an order prohibiting him from e-mailing the undersigned judge's chambers.  Regardless of the insignificant accusation of inappropriate e-mails, the fact remains that but for a miscommunication with the Clerk's Office, Washburn would have requested, and been granted, a time extension.  Although plaintiff mistakenly believes that he is entitled to a default judgment,[1] as before, plaintiff fails to demonstrate how this time extension in any way prejudiced him.

**C.     Defendants' Motions for More Definite Statement**

**1.      Standard of Review**

Motions for more definite statement are nondispositive motions.  *See* D. Kan. R. 6.1(d)(1) (defining nondispositive motions as "motions which are not motions to dismiss or for summary judgment").  The standard of review under which a district court reviews a magistrate judge's decision on a nondispositive motion is the "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)).  This standard requires the district court to affirm the magistrate court's decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 667 (D. Kan. 2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**2.      Motions for More Definite Statement Standard**

---

[1] Even if the Clerk had entered Washburn's default under Fed. R. Civ. P. 55(a), plaintiff's claim is not for a sum certain or for a sum which can by computation be made certain.  Plaintiff would have been required to apply to this court for a default judgment under Fed. R. Civ. P. 55(b)(2).  This court, under Fed. R. Civ. P. 55(c), likely would have set aside the default against Washburn for good cause—a miscommunication with the Clerk's Office.

-4-

The filings of pro se parties are subject to the Federal Rules of Civil Procedure. *Williamson v. Owners Resort & Exch.*, 90 Fed. App'x 342, 345 (10th Cir. 2004). The Federal Rules of Civil Procedure require complaints to be comprehensible and provide a "'short and plain' statement of the claims sufficient to give the defendants reasonable and fair notice of the basis of the claims." *Id.*; Fed. R. Civ. P. 8(a)(2).

**3.     Application of Standard of Review to the Magistrate Judge's Order**

Magistrate Judge O'Hara granted the motions for more definite statement, finding that plaintiff's complaint was "basically incomprehensible" and "not sufficiently specific." Similarly, this court has noted the "decipher[ing]" required to begin to understand plaintiff's complaint. Thus, this court does not find that Magistrate Judge O'Hara made a clear error, or any error. Instead, the court highlights the similarities between the description of the present complaint and the Tenth Circuit's description of the complaint in *Williamson*: "Plaintiff again asserted violations of numerous federal statutes and constitutional provisions, but still failed to allege with any clarity what conduct by which defendants violated which federal statutes." 90 Fed. App'x at 346.

In Magistrate Judge O'Hara's order granting defendants' motions for more definite statement, he ordered plaintiff to file an amended complaint within twelve days of the date of the order. This court follows that lead and orders plaintiff to file an amended complaint according to Magistrate Judge O'Hara's instructions by October 23, 2006.

**D.     Sanctions**

Plaintiff requests that this court impose sanctions under D. Kan. R. 7.6(b).[2] As D. Kan. R. 11.1(c) makes clear, "the imposition of sanctions for violation of a local rule . . . is discretionary

---

[2] The Tenth Circuit squarely addressed plaintiff's other concerns about D. Kan. R. 7.6(b) in *Scherer v. U.S. Dep't of Educ.*, 78 Fed. App'x 687, 689–90 (10th Cir. 2003).

with the court." In his recent filings, plaintiff does not indicate how he was harmed by any claimed violation of D. Kan. R. 7.6(b). This court declines to exercise its discretion to impose sanctions based on any claimed violation of D. Kan. R. 7.6(b).

In response to a prior motion to impose sanctions made by the United States, plaintiff suggests that he "should be requesting sanctions to be levied against the United States for filing such a frivolous motion." What plaintiff woefully misinterprets is that the motion made by the United States was not frivolous. The court stressed that "plaintiff failed to cite any legal authority in his motion . . . ." The court also found that no reasonable person could agree with plaintiff's arguments. In spite of finding merit in the motion for sanctions by the United States and considering sanctions to be appropriate, this court declined to impose sanctions at that time. Instead, the court instructed plaintiff to "take care that future pleadings wholly comply with Rule 11[,]" and warned plaintiff that the court was "prepared to grant sanctions for similar filings."

Based on plaintiff's misreading of the court's prior instructions regarding sanctions, it is necessary to provide clarification. Federal Rule of Civil Procedure 11(b) states that sanctions are warranted if an unrepresented party files a pleading that is presented for an improper purpose, contains frivolous arguments, or alleges facts that are unlikely to have evidentiary support. Although plaintiff arguably has violated each of these restrictions, this court has responded without imposing sanctions. At this time, the court has exhausted all other responses. **If plaintiff files another pleading that contains any unfounded allegation, the court will sanction him. If plaintiff makes another frivolous argument, the court will sanction him. If plaintiff continues his disrespectful conduct, the court will sanction him.**

E.   **Sealing the Case**

In his Notice of Objection (Doc. 38), plaintiff contends that the case should be sealed. In the

same paragraph, however, plaintiff expresses his indifference about whether the case is sealed. This indifference, combined with Magistrate Judge O'Hara's August 4, 2005 order denying plaintiff's motion to seal (Doc. 10), makes plaintiff's present contention moot.

**IT IS THEREFORE ORDERED** that to the extent plaintiff's most recent filings can be construed as motions (Docs. 38–40), they are denied.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint by October 23, 2006.

Dated this 11th day of October 2006, at Kansas City, Kansas.

           **s/ Carlos Murguia**
           **CARLOS MURGUIA**
           **United States District Judge**