# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THOMAS E. SCHERER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 05-2288–CM |
| ) | |
| **WASHBURN UNIVERSITY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Scherer brought this pro se action against defendants Washburn University and the United States. The case is before the court on United States' Motion to Dismiss for Lack of Prosecution (Doc. 57). In light of this case's recent procedural history, the court denies the motion, but establishes November 13, 2006 as the fixed deadline for plaintiff to file his amended complaint.

The basis of the present motion is that plaintiff did not file an amended complaint by October 23, 2006 as directed by the court's October 11, 2006 order. The United States argues that this failure to file violates Local Rule 41.1, and therefore the court should sanction plaintiff. The United States also notes that this court continues to have jurisdiction despite plaintiff's notice of appeal.

The court has discretion whether to impose sanctions for violations of a local rule. D. Kan. R. 11.1(c). This discretion allows the court to consider whether certain circumstances make the imposition of sanctions inappropriate. *Id.* Here, the court declines to impose sanctions. Because plaintiff is acting pro se and filed his appeal before the original deadline for the amended complaint passed, the court does not find that plaintiff has failed to prosecute.

On the other hand, the United States' motion is correct by noting that this court retains

jurisdiction over the case. Plaintiff's appeal was premature, and therefore did not deprive this court of jurisdiction. *See Duffee v. Murray Ohio Mfg.*, 896 F. Supp. 1071, 1072 (D. Kan. 1995). This is reflected in the Tenth Circuit's dismissal for lack of appellate jurisdiction (Doc. 56).

Because this court retains jurisdiction, plaintiff is expected to comply with the court's October 11, 2006 order. That order directed plaintiff to file an amended complaint by October 23, 2006. The court uses its discretion, however, to extend the original deadline rather than to sanction plaintiff because plaintiff attempted to appeal a ruling of the court. The deadline for plaintiff to file his amended complaint is extended to November 13, 2006. Plaintiff should note that future deadlines will not be extended. Plaintiff is also reminded of the court's prior warning that if plaintiff files another pleading containing any unfounded allegation or frivolous argument, or if plaintiff continues his disrespectful conduct, the court will sanction him.

**IT IS THEREFORE ORDERED** that United States' Motion to Dismiss for Lack of Prosecution (Doc. 57) is denied.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint by November 13, 2006.

Dated this 6th day of November 2006, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**