IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS E. SCHERER,             )
                               )
        Plaintiff,             )
                               )
v.                             )
                               )      No. 05-2288-CM
                               )
WASHBURN UNIVERSITY, et al.,   )
                               )
        Defendants.            )
                               )

## MEMORANDUM AND ORDER

Plaintiff Scherer brought this pro se action against defendants Washburn University ("Washburn") and the United States. The case is before the court on plaintiff's Objection to Order of Magistrate Judge (Doc. 86) and plaintiff's Motion for Waiver of the Five-Dollar Filing Fee for Filing a Writ of Certorari[sic] (Doc. 89). For reasons discussed below, the court denies these motions. Additionally, the court directs plaintiff to show cause why he has not violated Federal Rule of Civil Procedure 11(b).

**I.      Plaintiff's Objection to Order of Magistrate Judge (Doc. 86)**

Plaintiff objects to Magistrate Judge O'Hara's March 2, 2007 Order (Doc. 85). That order denied plaintiff's motion to reconsider (Doc. 82). Plaintiff's motion to reconsider responded to Magistrate Judge O'Hara's order (Doc. 81), which denied plaintiff's motion for a hearing (Doc. 79).

A motion to reconsider a denial of a hearing is a nondispositive motion. *See* D. Kan. R. 6.1(d)(1) (defining nondispositive motions as "motions which are not motions to dismiss or for summary judgment"). As this court stated in its October 11, 2006 order, the standard of review under which a district court reviews a magistrate judge's decision on a nondispositive motion is the

"clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)). This standard requires the district court to affirm the magistrate judge's decision unless it is "left with the definite and firm conviction that a mistake has been committed." *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 667 (D. Kan. 2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Whether to grant or deny a motion for reconsideration is committed to a court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1998); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505.

This court has reviewed plaintiff's filings and agrees with Magistrate Judge O'Hara's finding that "plaintiff has not presented any information warranting reconsideration of the court's earlier orders." In his objection, plaintiff presents no evidence that the magistrate judge misapplied this

standard.[1]  Without any indication that a mistake has been committed, this court will not reverse Magistrate Judge O'Hara's order.  Plaintiff's objection (Doc. 86) is denied.

**II.     Plaintiff's Motion for Waiver of Five-Dollar Filing Fee (Doc. 89)**

Plaintiff's motion is based on 28 U.S.C. 1917, which states:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

Although plaintiff devotes a lengthy argument to statutory construction and argues that "it is possible the United States Supreme Court could refuse to docket a costly and timely writ of certiorari because [plaintiff] did not pay these statutory required five dollar docketing fees in advance," basic legal research would have revealed that both Supreme Court and Tenth Circuit case law reject his argument.  "Untimely payment of the fee [does] not vitiate the validity of the notice of appeal." *Brennan v. U.S. Gypsum Co.*, 330 F.2d 728, 728 (1964) (citing *Parissi v. Telechron, Inc.*, 349 U.S. 46, 47 (1955)).  Moreover, plaintiff has not indicated that he has met any of the preconditions listed in the statute for the filing fee to apply.  Instead, plaintiff speculates about the need for him to "jet" between Washington, D.C., Denver, and Kansas City.  It is unclear why his physical presence is necessary to file or to pay a fee.  Plaintiff's motion (Doc. 89) is denied.

**III.    Sanctions**

Defendants have previously filed motions for sanctions against plaintiff.  This court has repeatedly warned plaintiff that sanctions would be imposed if his conduct did not change.  Specifically, on October 11, 2006, this court issued a Memorandum and Order denying several of plaintiff's motions, ordering him to file an amended complaint, and giving him a second warning

---

[1] Instead, plaintiff requests that this court "reconsider all orders to date in both Case No. 05-2019 and 2288."  Such a request is neither timely nor appropriately filed.

about possible sanctions. The court stated:

> Based on plaintiff's misreading of the court's prior instructions regarding sanctions, it is necessary to provide clarification. Federal Rule of Civil Procedure 11(b) states that sanctions are warranted if an unrepresented party files a pleading that is presented for an improper purpose, contains frivolous arguments, or alleges facts that are unlikely to have evidentiary support. Although plaintiff arguably has violated each of these restrictions, this court has responded without imposing sanctions. At this time, the court has exhausted all other responses. **If plaintiff files another pleading that contains any unfounded allegation, the court will sanction him. If plaintiff makes another frivolous argument, the court will sanction him. If plaintiff continues his disrespectful conduct, the court will sanction him.** (emphasis in original)

In the time since October 11, 2006, plaintiff filed several documents. At best, plaintiff's filings are short and present his unsupported interpretation of the law. At worst, plaintiff's filings are mean-spirited rants that attack the integrity and intelligence of opposing counsel and every level of the Federal Judiciary.

For an example of plaintiff's refusal to attempt to understand the Federal Rules of Civil Procedure,[2] plaintiff appealed this court's October 11 order. The Tenth Circuit then dismissed the appeal because it was an interlocutory order. Plaintiff filed an amended complaint. After Washburn answered this amended complaint, plaintiff filed a "Reply to 'Defendant Washburn University's Answer to [plaintiff's] Amended Complaint." Less than one week after plaintiff filed his "reply," Magistrate Judge O'Hara noted that the Federal Rules of Civil Procedure do not authorize replies to answers. In response, plaintiff filed a Motion to Reconsider Magistrate Judge O'Hara's order.

Plaintiff's arguments and behavior related to this motion to reconsider demonstrate his disrespect for federal courts. While sending a copy of his motion to the Assistant United States Attorney, plaintiff addressed the envelope to "loser." In his reply brief, plaintiff: (1) refers to the

---

[2] While this court understands plaintiff lacks formal legal training and accordingly deserves some latitude in his filings, his pro se status does not relieve him from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).

-4-

actions of the government as "preposterous" and "nonsense"; (2) refers to the Assistant United States Attorney as the "king of the ad hominem attacks" and a "proverbial spoiled child"; (3) accuses the clerk of this court of "pick[ing] and choos[ing] what filings/pleadings they will, or will not accept, on a whim"; and (4) accuses judges of this district of only providing "rationalization permitting . . . unlawful, unallowable conduct."

In other recent filings, plaintiff has continued his diatribe against federal courts.  Plaintiff: (1) believes that "federal judges are complicit with any fraud or fallacious argument imaginable put forward by the United States Attorney"; (2) claims that in this court "reality does not matter"; (3) accuses this court of "ignor[ing] upholding statutory compliance with the law" and caring only about "dumping cases, so there is no action required"; and (4) accuses the Tenth Circuit of "refus[ing] to abide by its own rules and amendments."  Plaintiff also filed documents referring to Magistrate Judge O'Hara's orders as "freaking unbelievable" and accusing the undersigned judge of "ignor[ing] reality and evidence of record."

Plaintiff also misstates several resolved issues, making his arguments frivolous.  Plaintiff continues to refer to his dismissed case, No. 05-2019, as an active and related case.  Plaintiff calls himself a "class representative," despite repeated reminders that no class has been certified.  Plaintiff provides information about Charles Wilson, whom plaintiff calls a "plaintiff" even though Mr. Wilson's only filing in this case was a notice that he is available for a hearing.[3]

Despite this court's warnings, plaintiff has filed pleadings that contain unfounded allegations, made frivolous arguments, and continued his disrespectful conduct.  Plaintiff's actions and filings appear to violate Federal Rule of Civil Procedure 11(b).  Under Rule 11(c)(1)(B),

---

[3] Although Mr. Wilson filed documents in Case No. 05-2019, he is not a party to that case either.

plaintiff is directed to show cause within twelve days of this order why he has not violated Rule 11(b).  **If plaintiff fails to demonstrate that he has not violated Rule 11(b), this court will sanction plaintiff by fine and filing restrictions.  If plaintiff chooses to respond to this show cause order with a further violation of Rule 11(b)—by asserting unfounded allegations, making frivolous arguments, or continuing his disrespectful conduct—this court will sanction plaintiff by dismissing his case.**

**IT IS THEREFORE ORDERED** that plaintiff's Objection to Order of Magistrate Judge (Doc. 86) is overruled.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Waiver of the Five-Dollar Filing Fee for Filing a Writ of Certorari[sic] (Doc. 89) is denied.

**IT IS FURTHER ORDERED** that plaintiff is directed to show cause within twelve days of this order why he has not violated Federal Rule of Civil Procedure 11(b).

Dated this 7th day of June 2007, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**