IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS E. SCHERER,              )
                                )
         Plaintiff,              )
                                )
v.                              )
                                )   No. 05-2288-CM
                                )
WASHBURN UNIVERSITY, et al.,    )
                                )
         Defendants.             )
                                )

## MEMORANDUM AND ORDER

Plaintiff Thomas E. Scherer brought this *pro se* action against defendants Washburn University ("Washburn") and the United States. The case is before the court on plaintiff's Motion for Reconsideration (Doc. 100) and the court's prior order regarding sanctions. Because plaintiff's response to the court's prior order also violates Rule 11(b), the court sanctions plaintiff by dismissing his case.

**I.  Background**

On June 7, 2007, this court issued a Memorandum and Order that included the following subsection:

> **III.  Sanctions**
> Defendants have previously filed motions for sanctions against plaintiff. This court has repeatedly warned plaintiff that sanctions would be imposed if his conduct did not change. Specifically, on October 11, 2006, this court issued a Memorandum and Order denying several of plaintiff's motions, ordering him to file an amended complaint, and giving him a second warning about possible sanctions. The court stated:
>> Based on plaintiff's misreading of the court's prior instructions regarding sanctions, it is necessary to provide clarification. Federal Rule of Civil Procedure 11(b) states that sanctions are warranted if an unrepresented party files a pleading that is presented for an improper

purpose, contains frivolous arguments, or alleges facts that are unlikely to have evidentiary support. Although plaintiff arguably has violated each of these restrictions, this court has responded without imposing sanctions. At this time, the court has exhausted all other responses. **If plaintiff files another pleading that contains any unfounded allegation, the court will sanction him. If plaintiff makes another frivolous argument, the court will sanction him. If plaintiff continues his disrespectful conduct, the court will sanction him.** (emphasis in original)

In the time since October 11, 2006, plaintiff filed several documents. At best, plaintiff's filings are short and present his unsupported interpretation of the law. At worst, plaintiff's filings are mean-spirited rants that attack the integrity and intelligence of opposing counsel and every level of the Federal Judiciary.

For an example of plaintiff's refusal to attempt to understand the Federal Rules of Civil Procedure,[1] plaintiff appealed this court's October 11 order. The Tenth Circuit then dismissed the appeal because it was an interlocutory order. Plaintiff filed an amended complaint. After Washburn answered this amended complaint, plaintiff filed a "Reply to 'Defendant Washburn University's Answer to [plaintiff's] Amended Complaint." Less than one week after plaintiff filed his "reply," Magistrate Judge O'Hara noted that the Federal Rules of Civil Procedure do not authorize replies to answers. In response, plaintiff filed a Motion to Reconsider Magistrate Judge O'Hara's order.

Plaintiff's arguments and behavior related to this motion to reconsider demonstrate his disrespect for federal courts. While sending a copy of his motion to the Assistant United States Attorney, plaintiff addressed the envelope to "loser." In his reply brief, plaintiff: (1) refers to the actions of the government as "preposterous" and "nonsense"; (2) refers to the Assistant United States Attorney as the "king of the ad hominem attacks" and a "proverbial spoiled child"; (3) accuses the clerk of this court of "pick[ing] and choos[ing] what filings/pleadings they will, or will not accept, on a whim"; and (4) accuses judges of this district of only providing "rationalization permitting . . . unlawful, unallowable conduct."

In other recent filings, plaintiff has continued his diatribe against federal courts. Plaintiff: (1) believes that "federal judges are complicit with any fraud or fallacious argument imaginable put forward by the United States Attorney"; (2) claims that in this court "reality does not matter"; (3) accuses this court of "ignor[ing] upholding statutory compliance with the law" and caring only about "dumping cases,

---

[1] While this court understands plaintiff lacks formal legal training and accordingly deserves some latitude in his filings, his pro se status does not relieve him from complying with this court's procedural requirements. *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a pro se litigant must follow the same rules of procedure as other litigants).

> so there is no action required"; and (4) accuses the Tenth Circuit of "refus[ing] to abide by its own rules and amendments." Plaintiff also filed documents referring to Magistrate Judge O'Hara's orders as "freaking unbelievable" and accusing the undersigned judge of "ignor[ing] reality and evidence of record."
>
> Plaintiff also misstates several resolved issues, making his arguments frivolous. Plaintiff continues to refer to his dismissed case, No. 05-2019, as an active and related case. Plaintiff calls himself a "class representative," despite repeated reminders that no class has been certified. Plaintiff provides information about Charles Wilson, whom plaintiff calls a "plaintiff" even though Mr. Wilson's only filing in this case was a notice that he is available for a hearing.[2]
>
> Despite this court's warnings, plaintiff has filed pleadings that contain unfounded allegations, made frivolous arguments, and continued his disrespectful conduct. Plaintiff's actions and filings appear to violate Federal Rule of Civil Procedure 11(b). Under Rule 11(c)(1)(B), plaintiff is directed to show cause within twelve days of this order why he has not violated Rule 11(b). **If plaintiff fails to demonstrate that he has not violated Rule 11(b), this court will sanction plaintiff by fine and filing restrictions. If plaintiff chooses to respond to this show cause order with a further violation of Rule 11(b)—by asserting unfounded allegations, making frivolous arguments, or continuing his disrespectful conduct—this court will sanction plaintiff by dismissing his case.**

*Scherer v. Washburn Univ.*, No. 05-2288-CM, 2007 WL 1652178, at *2–3 (D. Kan. June 7, 2007).

Plaintiff responded to these instructions by filing the present Motion for Reconsideration (Doc. 100). In the memorandum supporting that document, plaintiff initially agreed to "recant and . . . modify any pleadings . . ." and to send letters of apology. Later, plaintiff asks the court to consider his medical condition as an impairment on his behavior. Even in this apology and explanation, plaintiff claims to have been "tricked" into such behavior by the "incendiary inducements" of opposing counsel. However, on page eleven of the memorandum, plaintiff denies that he violated Rule 11(b). Plaintiff then reverts back to attacking opposing counsel, misstating resolved legal issues, and accusing the undersigned judge of bias. Notably, plaintiff ponders the possibility of the undersigned judge harboring political animus based on the associations of the siblings of the undersigned judge. Plaintiff also perceives that "most of the erroneous orders both in

---

[2] Although Mr. Wilson filed documents in Case No. 05-2019, he is not a party to that case either.

-3-

fact and law were caused by delegation to administrative staff to write orders by the direction of the presiding judge." Plaintiff then accuses the staff of this chambers—whom he believes to be of "limited experiences"—of personal attacks and "shocking" conduct in relation to orders in "direct circumvention by omission to the supreme law of this nation." Plaintiff concludes by instructing this court on what it can do to earn his respect.

## II.  Legal Standards

A district court has the power to sanction a party who fails to follow local rules, federal rules, or a court order. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003); *Lynn v. Roberts*, No. 01-3422-MLB, 2006 WL 2850273, at *6 (D. Kan. Oct. 4, 2006) (citing *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2003)). In some instances, dismissal of a case is the appropriate sanction. *Issa*, 354 F.3d at 1178. The Tenth Circuit has established a number of factors relevant to the analysis of dismissal as an appropriate sanction. Among these factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005). The court also notes that "dismissal is a severe sanction [that] should be imposed only if a 'lesser sanction would not serve the ends of justice.'" *LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)).

## III.  Analysis

First, the court considers the degree of actual prejudice to the defendants. This district has previously defined prejudice as "[d]amage or detriment to one's legal rights or claims." *Lynn*, 2006 WL 2850273, at *7 (citing Black's Law Dictionary 1198 (7th ed. 1999)). Similar to the defendant in

-4-

*Lynn*, the defendants in this case have not suffered any damage to any legal rights or claims as a result of plaintiff's abusive conduct.  Because defendants suffered no actual prejudice, this factor weighs against dismissal.

Second, the court considers the amount of interference with the judicial process caused by plaintiff's actions.  This case has been active for over two years.  In that time, plaintiff has filed objections to, motions for reconsideration of, or appeals to more than half of the orders entered by the undersigned judge and the magistrate judge.

It appears plaintiff is more interested in fighting and delaying the judicial process than advancing his claims.  A good example of this is the status of plaintiff's complaint.  Plaintiff was ordered to file a second amended complaint by February 12, 2007.  Although plaintiff filed several unsuccessful objections to this order—including a motion for hearing, a motion for reconsideration, and an objection to the order denying the motion for reconsideration—plaintiff has never filed the second amended complaint.  Instead, plaintiff noted in his present filing that "[Magistrate Judge O'Hara] order[ed] that [plaintiff] should file a third amended complaint without specific elements on why the first complaint and the second amended complaint are not sufficient."

Plaintiff continues to misstate resolved legal issues.  In the memorandum and order warning plaintiff about sanctions, the court addressed plaintiff's references to a dismissed case as active, his claims that he is a class representative, and his references to Mr. Wilson as a co-plaintiff.  In his present filing, plaintiff again argues at length about the status of the dismissed case, and argues about whether this is a class action case.  Plaintiff's arguments have regressed from frivolous to vacuous.

The court again notes that plaintiff has insulted every level of the federal judiciary.  In addition to the insults stated earlier, plaintiff has added attacks against the chambers staff of the

undersigned judge. Plaintiff hypothesizes:

> [s]ome of the orders appealed were not actually written by the judge himself. Instead, those orders were delegated to less experienced law clerks acting on behalf of the presiding judge. It appears the judge might be venting for their errors and subsequent appeals of those simple errors both in fact and law. I should be punished for what is happening in chambers . . . .

Plaintiff's refusal to follow the federal rules of civil procedure, his willful ignorance about the active issues in this case, and his antagonism toward federal courts have greatly interfered with the judicial process. This court has been forced to spend time and resources to deal with plaintiff's unprofessional conduct. This factor weighs heavily in favor of dismissal.

Third, the court considers the culpability of the litigant. Plaintiff's present motion provides two explanations for his behavior. First, plaintiff claims that he was tricked into his conduct by the actions of defendants. This argument is frivolous. Second, plaintiff asks the court to consider the impact of his health. Plaintiff's reference to his medical condition is also not a convincing explanation of his behavior. Plaintiff lists his symptoms as "chronic fatigue, myalagia (sic), and extreme pain." Plaintiff has not filed any evidence or documents that would link these conditions to plaintiff's sanctionable conduct. Even if the court were to take plaintiff's health into consideration, plaintiff clearly remains sufficiently functional to submit a twenty-three page memorandum that also contains praise for other judges in this district and lauds the writing style of some attorneys. It is illogical to believe that plaintiff's health only affects his reasoning and behavior in relation to this court.

Plaintiff is solely responsible for his behavior. Plaintiff has a lengthy litigation history with this district and the Tenth Circuit. This court has repeatedly warned plaintiff that if he continued his abusive conduct, he would be sanctioned. Plaintiff continued undeterred. Similar to the plaintiff in *Lynn*, "there can be no higher measure of cuplability than that achieved by plaintiff on these

matters." *Lynn*, 2006 WL 2850273, at *7. Thus, as with the plaintiff in *Lynn*, plaintiff's culpability "virtually compels dismissal." *Id.*

Fourth, the court explicitly warned plaintiff in the June 7, 2007 Memorandum and Order that dismissal of this action would be a likely sanction for noncompliance. This factor weighs in favor of dismissal.

Fifth, the court considers the efficacy of lesser sanctions. Plaintiff asks the court to note that he has limited funds. Consequently, it appears monetary sanctions against plaintiff would be meaningless. *See Id.* at *8. Moreover, plaintiff's litigation history regarding appellant filing fees suggests that an imposition of monetary sanctions would only create another extended parade of filings from plaintiff. This factor weighs in favor of dismissal.

After consideration of these factors, the court finds that dismissal is the appropriate sanction in this case. The court therefore—based on its inherent powers and the court's authority under Federal Rule of Civil Procedure 11—orders that this case be dismissed. The court will not presently impose any filing restrictions against plaintiff, but again warns plaintiff that if his present conduct continues he may be further sanctioned.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Doc. 100) is denied as moot.

**IT IS FURTHER ORDERED** that this case is dismissed.

Dated this 7th day of December 2007, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**